UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO. 14-60528-CIV-COHN/SELTZER

TRANSATLANTIC LINES LLC,

    Plaintiff,

v.

PORTUS STEVEDORING LLC,

    Defendant,

v.

MOBRO MARINE INC. and MCALLISTER
TOWING AND TRANSPORTATION CO. INC.,

    Third-Party Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S CLAIMS FOR CARGO DAMAGES

**THIS CAUSE** is before the Court upon Defendant's Motion for Partial Summary Judgment as to Cargo Loss Damages [DE 56] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises.

This action arises from an unfortunate incident at sea in which a cargo-securing system aboard the barge "Atlantic Trader" failed, and over 30 cargo containers were damaged or lost overboard. Plaintiff Transatlantic Lines LLC ("Transatlantic") had chartered the Atlantic Trader to bring cargo from Jacksonville, Florida and Guantanamo Bay, Cuba. Compl. ¶ 3. Transatlantic hired Defendant Portus Stevedoring LLC ("Portus") to load and secure cargo on the Atlantic Trader. Id. ¶ 6. In its Complaint, Transatlantic alleges that Portus's carelessness in loading and securing the cargo caused the cargo-securing system to fail. On this basis, Transatlantic has asserted

three claims against Portus: (1) breach of contract; (2) breach of the implied warranty of workmanlike performance; and (3) negligence. Id. ¶¶ 14–27.

In the Motion, Portus requests summary judgment on or dismissal of Transatlantic's claims to the extent Transatlantic seeks to recover for lost and damaged cargo. Portus contends that Transatlantic did not own the cargo on the Atlantic Trader, nor have the owners of the cargo sought to recover against Transatlantic. Portus concludes that Transatlantic's claims for lost or damaged cargo fail as speculative and unripe. DE 56 at 3–7.

In opposition to the Motion, Transatlantic does not challenge Portus's assertion that its claims for lost or damaged cargo would be unripe. See DE 61 at 5. Instead, Transatlantic argues that the Motion should be denied because it has not asserted any claims against Portus for lost or damaged cargo. Id. at 3, 5.

A review of the Complaint reflects that Transatlantic has indeed pled claims against Portus based in part upon lost or damaged cargo. See, e.g., Compl. ¶ 17 ("Transatlantic sustained damages . . . including . . . loss and damage to cargo . . . ."), ¶ 23 ("As a . . . result of Portus' breach of the implied warranty of workmanlike performance, . . . Transatlantic incurred extraordinary expenses and liabilities for lost and damaged cargo and cargo containers."). However, in light of the parties' agreement that such claims are unripe, the Court will dismiss these claims under Rule 12(b)(1) for failure to present a ripe case or controversy. See generally Cheffer v. Reno, 55 F.3d 1517, 1523–24 (11th Cir. 1995). It is accordingly

**ORDERED AND ADJUDGED** that Defendant's Motion for Partial Summary Judgment as to Cargo Loss Damages [DE 56] is **GRANTED**. Plaintiff's claims in its

Complaint [DE 1] are **DISMISSED** for lack of subject-matter jurisdiction to the extent they rest upon lost or damaged cargo.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of July, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF